**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORRPRO COMPANIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-01275-MTS |
| | ) | |
| MICHAEL COWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment. Doc. [18]. Plaintiff has not sought an entry of default. *See* Fed. R. Civ. P. 55(a). For that reason, the Court will deny the Motion for Entry of Default Judgment. *See id.*; *see also Antoine v. U.S. Bank Nat. Ass'n,* 547 F. Supp. 2d 30, 35 (D.D.C. 2008) ("Before the court can grant a motion for default judgment, the plaintiffs must comply with the two-step process provided in Federal Rule of Civil Procedure 55 whereby a plaintiff first seeks an entry of default from the Clerk of the Court, then a default judgment from the court itself."). If Plaintiff properly secures an entry of default, the memorandum in support of any future Motion for Entry of Default Judgment must provide the Court with legal analysis of the merits of the claims on which it seeks entry of default judgment. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (explaining that, on a motion for entry of default judgment, the district court still must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law); *see also, e.g., AmGuard Ins.*

*Co. v. T & J Enterprises, Inc.*, 4:20-cv-01853-MTS, 2022 WL 558082, at *1 (E.D. Mo. Feb. 24, 2022).

The Court also notes that the Temporary Restraining Order in this matter has expired and is no longer in effect.  *See* Doc. [16] at 7, n.2.  Plaintiff did not seek to extend the order before it expired.  *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless *before that time* the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." (emphasis added)); *PUI Audio, Inc. v. Van Den Broek*, 3:21-cv-0284, 2021 WL 5164935, at *5 (S.D. Ohio Nov. 4, 2021) ("Before a temporary restraining order expires, a court may extend it 'for good cause' so long as the reasons for the extension are entered in the record."); *see also H&R Block Tax Servs., LLC v. Murphy*, 4:13-cv-0318-GAF, 2013 WL 12129647, at *5 (W.D. Mo. Apr. 2, 2013) (noting the time limit under Federal Rule of Civil Procedure 65(b)(2), "applies to all temporary restraining orders, regardless of any notice provided to Defendant").  For that reason, the Court will deny the Motion for Continuance of Preliminary Injunction Hearing and Extension of Temporary Restraining Order.  If Plaintiff so chooses, it may again seek to continue the Preliminary Injunction Hearing until after the Court rules on any proper Motion for Entry of Default Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment, Doc. [18], is **DENIED** without prejudice.

- 2 -

**IT IS FURTHER ORDERED** that the Motion for Continuance of Preliminary Injunction Hearing and Extension of Temporary Restraining Order, Doc. [20], is **DENIED**.

Dated this 22nd day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE